# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| YASAR EMRE KIYAK<br>   2201 Newleaf Dr.<br>   Apex, NC 27539<br><br>           Plaintiff(s)<br><br>          v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>           Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No 1:23-cv-679 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court,

Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-

law.com.

**INTRODUCTION**

COMES NOW YASAR EMRE KIYAK, (hereinafter "Plaintiff KIYAK" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff KIYAK is a Turkish national who was granted asylee status in the U.S. on December 17, 2019. Having accumulated one year or more of time in asylee status, he has the right to apply for permanent resident status by filing Form I-485, Application for Adjustment of Status ("Application")[1]. Plaintiff's Application was properly and completely filed on December 28, 2020. The Application has been in pending status since such time, for a period of over 26 months (over two years and two months or 805 days), which is over three and a half times the historical average processing time (6.9 months) for similar filings made in 2020[2].

2. The Plaintiff has a clear right to adjudication of his Application in a timely manner. The final adjudication of Plaintiff KIYAK's Form I-485 is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the Filing.

---

[1] [1] Under federal immigration law, a non-U.S. citizen who is granted asylum gains multiple benefits, which include employment authorization, derivative asylum status for family members, an unrestricted social security card, employment assistance, and the ability to apply for adjustment of status to permanent residence after one (1) year. *See* Exhibit A (USCIS letter granting asylee status and explaining benefits); 8 USC § 1158, 1159; INA § 208, 209.
[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

## PARTIES

5.      Plaintiff YASAR EMRE KIYAK is a resident of Wake County, North Carolina.  He is the applicant of a Form I-485, Application for Adjustment of Status.

6.      Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7.      Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

8.      Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11.     The Plaintiff has repeatedly requested the Defendants to make a final decision on his Application.  Further, Plaintiff has initiated numerous inquiries with USCIS directly and through U.S. Senator, Thom Tillis' office, without any meaningful response.

12.     The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for approval of his Application.

13.     There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

14.     On December 17, 2019, Plaintiff KIYAK was granted asylee status in the United States. **[EXHIBIT A]**.

15.     On December 28, 2020, Plaintiff KIYAK properly filed Form I-485, Application for Adjustment of Status with USCIS (Receipt# MSC2190919191).  **[EXHIBIT B].**

16.     On April 9, 2021, Plaintiff KIYAK was notified that USCIS would be able to use his previously captured fingerprints and other biometrics, and as such, Plaintiff KIYAK would not be required to go to a USCIS application support center **[EXHIBIT C]**.

17.     Since the date of filing, USCIS has made no further requests for information or evidence of the Plaintiff, nor have they scheduled Plaintiff for an interview.

18.     Plaintiff has made numerous inquiries over the past 26 months (over two years and two months or 805 days), with USCIS and has requested the adjudication of his Application.

19.     Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Application is still pending review.

20.     Plaintiff's Application now continues to be pending with USCIS for over 26 months (over two years and two months or 805 days).

21.     USCIS has published a historical average processing time in 2020 of 6.9 months for the

adjudication of Form I-485.  Plaintiff's Application has been pending for over 26 months, which

is over three and a half times the historical average processing time as reported by USCIS.[3]

22.     Defendants have refused to provide further explanation which would merit the need for

over 26 months of processing time.

23.     On December 7, 2021, Plaintiff KIYAK contacted USCIS to request expedited processing

of his Application. Plaintiff's request to expedite was denied by USCIS.

24.     Plaintiff has made numerous inquiries with USCIS to no resolve.

25.     Plaintiff has endured significant financial and emotional burdens as a result of the

unreasonable period of time that his case has been pending without action by USCIS.

26.     Plaintiff KIYAK has been deprived of the opportunity to have accumulated sufficient time

as a permanent resident to become a U.S. citizen.

27.     Moreover, Plaintiff has incurred significant attorney's fees and is in jeopardy of missing

out on the opportunity of pursuing a career as a Patent Attorney, despite having passed the patent

bar exam on October 5, 2021, due to the Defendants' failure to adjudicate Plaintiff's Application

within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA – I-485 Application

28.     All prior paragraphs are re-alleged as if fully stated herein.

29.     Plaintiff KIYAK has a statutory right to apply for adjustment of his status to a permanent

resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 209(a).

---

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

30.    Defendants have a duty to adjudicate Plaintiff KIYAK's Application within a reasonable period of time under 5 U.S.C. §555(b).

31.    The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

32.    No other adequate remedy is available to Plaintiff.

33.    Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

34.    Given the Defendants' lack of a reason for not making a decision on Plaintiff KIYAK's Form I-1485 Application for over two years and two months (over 26 months or 805 days), Plaintiff's Application has been pending for an unreasonably long period of time.

35.    Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

36.    Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff KIYAK's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

37.    Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff KIYAK's Application, thereby depriving Plaintiff of the rights to which he is entitled.

38.    In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff KIYAK has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

     1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

     2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

     3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  March 13, 2023                   Respectfully submitted,

                                         /s Sadaf F. Ahmed
                               **Sadaf F. Ahmed, Esq. (IN0013)**
                               **JEELANI LAW FIRM, PLC**
                               **9511 Angola Court**
                               **Indianapolis, IN 46268**
                               **sadaf@jeelani-law.com**
                               **Phone:(312) 767-9030**
                               **Fax:(312) 767-9030**
                               ***Counsel for Plaintiff***